# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. _____ 3:09-CR-396 |
| | : | |
| | : | 18 U.S.C. § 2 |
| v. | : | 42 U.S.C. § 3631 |
| | : | 18 U.S.C. § 371 |
| | : | 18 U.S.C. § 1519 |
| BRANDON PIEKARSKY | : | |
| DERRICK DONCHAK | : | |

FILED
SCRANTON

DEC 10 2009

PER _____
DEPUTY CLERK

## INDICTMENT

THE GRAND JURY CHARGES:

## GENERAL ALLEGATIONS

1. At the time of the incident charged in this Indictment, defendant DERRICK DONCHAK was a resident of Schuylkill County, Pennsylvania, and a former football player and graduate of Shenandoah Valley High School.

2. At the time of the incident charged in this Indictment, defendant BRANDON PIEKARSKY, Participant # 1, and Participant # 2 were residents of Schuylkill County, Pennsylvania, and football players/students at Shenandoah Valley High School.

3. On or about July 12, 2008, at approximately 11:30 pm, a group of six males known to the Grand Jury, including defendants DERRICK DONCHAK, BRANDON PIEKARSKY, Participant # 1, and Participant # 2, confronted L.R., a Latino male, in a public park, and assaulted L.R. on a public street by striking and kicking him while members of the group yelled racial slurs at L.R., such as "Spic" and "Fucking Spic", and screamed: "Go Back to Mexico" and "Tell your fucking Mexican friends to get the fuck out of Shenandoah."

4. After the assault, L.R. lost consciousness and remained comatose until he died on

July 14, 2008.

    5. The Medical examiner ruled L.R.'s death a homicide caused by blunt-force trauma to the head.

    6. While they were attempting to flee, the attackers, including defendants DERRICK DONCHAK, BRANDON PIEKARSKY, and Participant # 1, and others known to the Grand Jury, were stopped by Police Officers Patrolman Jason Hayes and Lt. William Moyer.

    7. At all times relevant to this indictment, the Shenandoah Police Department was a law enforcement agency in Schuylkill County, Pennsylvania. Among other functions, the Shenandoah Police Department investigated crimes committed in Shenandoah, Pennsylvania.

    8. At all times relevant to this indictment, employees of the Shenandoah Police Department were responsible for conducting themselves in compliance with federal, state and local laws, including the United States Constitution.

    9. At all times relevant to this Indictment, Matthew Nestor was employed by the Shenandoah Police Department as the Chief of Police.

    10. At all times relevant to this Indictment, Matthew Nestor was a friend of, and has vacationed with, the mother of defendant BRANDON PIEKARSKY.

    11. At all times relevant to this Indictment, Jason Hayes was employed by the Shenandoah Police Department, working as a patrolman.

    12. At all times relevant to this Indictment, Jason Hayes was dating the mother of defendant BRANDON PIEKARSKY, and knew all of the individuals involved in the beating of L.R.

    13. At all times relevant to this indictment, William Moyer was employed by the

Shenandoah Police Department, working as a lieutenant. William Moyer's son was a high school freshman who played on the same football team with the individuals who had fatally beaten L.R.

## COUNT 1

[42 U.S.C. § 3631]

1. Paragraphs 1-13 of the General Allegations are incorporated by reference in this count.

2. On or about July 12, 2008, in Shenandoah, Pennsylvania, within the Middle District of Pennsylvania, defendants

BRANDON PIEKARSKY and
DERRICK DONCHAK,

along with others known to the Grand Jury, while aiding and abetting one another, by force and threat of force, willfully injured, intimidated, and interfered with, and attempted to injure, intimidate, and interfere with L.R., a Latino male, because of L.R.'s race and because he was occupying a dwelling in, and in order to intimidate other Latino persons from occupying dwellings in, Shenandoah, Pennsylvania. Specifically, the defendant and others, acting in concert, physically assaulted L.R., resulting in L.R.'s death.

All in violation of Title 42, United States Code, Sections 3631 and 2.

## THE GRAND JURY FURTHER CHARGES THAT:

### COUNT 2

[18 U.S.C. § 371]

1. Paragraphs 1-13 of the General Allegations are incorporated by reference in this count.

2. On or about July 12, 2008, and continuing until March 30, 2009, in Shenandoah, Pennsylvania, and elsewhere within the Middle District of Pennsylvania, defendant

DERRICK DONCHAK

knowingly conspired, combined, and agreed with others known and unknown to the Grand Jury, to falsify official police reports with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such an investigation involving the violation of constitutional rights described in Count I of the Indictment in violation of 18 U.S.C. § 1519.

Manner and Means of the Conspiracy

3. It was part of the manner and means of the conspiracy that defendant DERRICK DONCHAK, along with persons known and unknown to the Grand Jury including defendant BRANDON PIEKARSKY, Participant # 1, Participant # 2, Person # 1, Person # 2, and others, agreed to provide false statements to officials regarding the assault on L.R.

4. It was further part of the manner and means of the conspiracy that members of the Shenandoah Police Department, including Matthew Nestor, Jason Hayes, and William Moyer, intentionally failed to memorialize or record inculpatory statements made by defendant BRANDON PIEKARSKY about the attack on L.R.

5. It was further part of the manner and means of the conspiracy that members of the Shenandoah Police Department, including Matthew Nestor, Jason Hayes, and William Moyer, and others known and unknown to the Grand Jury, wrote false and misleading official reports that memorialized false statements by the persons involved in the racially motivated assault on L.R., and that intentionally omitted information about the true nature of the assault and the investigation.

## Overt Acts

In furtherance of the conspiracy, and to accomplish its objectives, the conspirators committed the following overt acts, among others, in and around Shenandoah, Pennsylvania:

6. Following the assault of L.R., defendant BRANDON PIEKARSKY went with Shenandoah Police Officers Patrolman Jason Hayes and Lt. William Moyer to the scene, at which time, defendant BRANDON PIEKARSKY told them about the assault on L.R.

7. Shortly after the attack, several assailants, including defendant DERRICK DONCHAK, Participant # 1, Participant # 2, and others known to the Grand Jury, met at defendant DERRICK DONCHAK's home where they discussed with each other and others present at the home, what had taken place during the assault on L.R..

8. While at the crime scene, defendant BRANDON PIEKARSKY called defendant DERRICK DONCHAK from his cell phone, which had been provided and paid for by Patrolman Jason Hayes. Defendant BRANDON PIEKARSKY told defendant DERRICK DONCHAK and Participant # 1 that he, BRANDON PIEKARSKY, had already told the police about the assault on L.R.

9. After telling Jason Hayes and other law enforcement officers about the assault on L.R.,

defendant BRANDON PIEKARSKY went to defendant DERRICK DONCHAK's house and agreed with defendant DERRICK DONCHAK, Participant # 1, Participant # 2, and others known to the Grand Jury to give a false account of the assault on L.R. to authorities in official statements.

10. Shortly after defendant BRANDON PIEKARSKY arrived at defendant DERRICK DONCHAK's home, BRANDON PIEKARSKY's mother, T. P., arrived and told the assailants and others known to the Grand Jury that they needed to "get their stories straight" because Jason Hayes had advised her that L.R.'s medical situation was deteriorating, which could result in a homicide investigation.

11. Prior to leaving defendant DERRICK DONCHAK's home, the group, including defendant DERRICK DONCHAK, defendant BRANDON PIEKARSKY, Participant # 1, Participant # 2, and others known to the Grand Jury created a false version of events to be incorporated in official police reports which omitted references to BRANDON PIEKARSKY kicking L.R. and to the racial motivation for the assault.

12. The next morning, the conspirators, including defendant DERRICK DONCHAK, defendant BRANDON PIEKARSKY, Participant # 1, Participant # 2, and others known to the Grand Jury met at defendant BRANDON PIEKARSKY's house and again agreed to provide false statements to the authorities at the Shenandoah Police Station.

13. At defendant BRANDON PIEKARSKY's house, defendant DERRICK DONCHAK discussed with the others present the need to dispose of the shoes worn by the co-conspirators during the attack on L.R.

14. On July 13, 2008, Participant # 2 knowingly gave false and misleading statements to

the authorities about the assault on L.R.

15. On July 13, 2008, Person # 2 knowingly gave false and misleading statements to the authorities about the assault on L.R.

16. On July 13, 2008, defendant DERRICK DONCHAK knowingly gave false and misleading statements to the authorities about the assault on L.R.

17. On July 14, 2008, Person # 1 knowingly gave false and misleading statements to the authorities about the assault on L.R.

18. On July 16, 2008, Participant # 1 knowingly gave false and misleading statements to the authorities about the assault on L.R.

19. In the weeks following the fatal assault on L.R., Lt. William Moyer of the Shenandoah Police Department advised the parents of Participant # 2 to dispose of the sneakers he wore during the assault on L.R.

20. Defendants DERRICK DONCHAK and BRANDON PIEKARSKY disposed of the sneakers they wore on the night L.R. was attacked.

21. Shortly before July 24, 2008, knowing that defendant BRANDON PIEKARSKY was culpable for the death of L.R., Lt. William Moyer traveled to the home of Participant # 2 and, in an effort to exculpate defendant BRANDON PIEKARSKY, advised the parents of Participant # 2 that although the Shenandoah Police Department did not intend to file serious charges, the Schuylkill County District Attorney had taken over the case, and Participant # 2 should take full responsibility for the assault on L.R.

22. Having interviewed an eyewitness to the assault on L.R. in the early morning hours of July 13, 2008, Jason Hayes and William Moyer knowingly and deliberately mischaracterized

the witness's account in their official reports on or about August 1, 2008, in order to falsely exaggerate the culpability and role of Participant # 2 and exculpate BRANDON PIEKARSKY in the assault on L.R.

23. On or about July 29, 2008, Patrolman Jason Hayes knowingly created a false and misleading official report approved by Chief Matthew Nestor regarding the investigation into the assault on L.R..

24. On or about July 20, 2008, Chief Matthew Nestor knowingly created a false and misleading official report regarding the investigation into the assault on L.R.

25. On or about August 1, 2008, Chief Matthew Nestor knowingly created a false and misleading official report regarding the investigation into the assault on L.R.

26. In a report shortly after the assault on L.R. which is captioned "Lt. Moyer's Incident Report regarding Case # 125-424 . . .," Lt. William Moyer knowingly memorialized false and misleading information in an official report regarding the investigation into the assault on L.R.

27. In a report prepared on or about August 1, 2008, which is captioned "Investigation of Kids Running from Homicide Scene," Lt. William Moyer knowingly memorialized false and misleading information in an official report regarding the investigation into the assault on L.R.

28. Knowing that defendant BRANDON PIEKARSKY was culpable in the assault on L.R., T.P. telephoned Participant # 1's father on March 30, 2009, in reference to Participant # 1's possible cooperation with federal authorities and advised Participant # 1's father that the only way defendant BRANDON PIEKARSKY would get indicted was if Participant # 1 testified against defendant BRANDON PIEKARSKY.

All in violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT 3

18 U.S.C. §§ 1519 and 2
[Falsification of Records in Federal Investigations and Aiding and Abetting]

1. Paragraphs 1-13 of the General Allegations are incorporated by reference in this count.

2. On or about July 12, 2008, and continuing until on or about August 1, 2008, in Shenandoah, Pennsylvania, and elsewhere within the Middle District of Pennsylvania, defendant

DERRICK DONCHAK,

along with other persons known and unknown to the Grand Jury, while aiding and abetting one another, knowingly provided false statements to be recorded in official police reports with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such an investigation involving the violation of constitutional rights described in Count I of the Indictment.

All in violation of Title 18, United States Code, Sections 1519 and 2.

**THE GRAND JURY FURTHER CHARGES THAT:**

## COUNT 4

18 U.S.C. § 1519 and 2

[Destruction, Concealment of Tangible Object in Federal Investigation and Aiding and Abetting]

1. Paragraphs 1-13 of the General Allegations are incorporated by reference in this count.

2. On or about July 12, 2008, and continuing until August 4, 2008, in Shenandoah, Pennsylvania, and elsewhere within the Middle District of Pennsylvania, defendant

DERRICK DONCHAK,

along with other persons known and unknown to the Grand Jury, while aiding and abetting one another, knowingly altered, destroyed, concealed and covered up a tangible object, namely a pair of shoes worn during the assault on L.R., with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of the Federal Bureau of Investigation, and in relation to and in contemplation of such an investigation involving the violation of constitutional rights described in Count I of the Indictment.

All in violation of Title 18, United States Code, Sections 1519 and 2.

A TRUE BILL.



THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division

Eric L. Gibson
Trial Attorney
Civil Rights Division
Criminal Section

Date: 12/10/09